NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**THE COMPAK COMPANIES, LLC,**
*Plaintiff-Appellant,*

v.

**JIMMIE L. JOHNSON, RON BOWEN, PATPAK, INC., OLMARC PACKAGING COMPANY, AND URBAN MINISTRIES, INC.,**
*Defendants,*

AND

**BRUCE CARLSON, DUOTECH HOLDINGS, INC., AND DUOTECH PACKAGING, LLC,**
*Defendants-Cross Appellants.*

---

2011-1457, -1483

---

Appeals from the United States District Court for the Northern District of Illinois in case no. 03-CV-7427, Senior Judge John F. Grady.

---

ON MOTION

---

Before O'MALLEY, *Circuit Judge.*

# ORDER

The parties jointly move to transfer these appeals to the United States Court of Appeals for the Seventh Circuit.

In its original complaint, Compak Companies, Inc. included, inter alia, a count of patent infringement. On June 1, 2009, the district court granted the defendants' motion for summary judgment on the patent infringement count. Compak then amended its complaint and did not withdraw the patent infringement count. Instead, Compak noted in the amended complaint that "[t]he court granted partial summary judgment in favor of DuoTech Defendants with respect to which TCC reserves all rights, and to which no response is required."

Despite the parties' contentions to the contrary, the Federal Circuit is the proper court of appeals for this case. This court's jurisdiction depends on whether the plaintiff's complaint establishes that either the federal patent law creates the cause of action or the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 822-24 (1988); *Chamberlain Group v. Skylink Tech., Inc.*, 381 F.3d 1178, 1189 (Fed. Cir. 2004).

In *Chamberlain*, we explained that we have jurisdiction even if the complaint is amended to withdraw the patent claims, if the district court's rulings on the patent claim altered the legal status of the parties with respect to those patent claims. *Id.* at 1188-89. Here the district court's grant of summary judgment acted as an adjudication regarding the patent claim, and in any event it does not appear based upon the papers submitted that the plaintiff attempted to withdraw the patent infringement count. Therefore, transfer is not appropriate.

Accordingly,

IT IS ORDERED THAT:

The motion is denied. Compak's brief is due within 30 days of the date of filing of this order.

FOR THE COURT

**SEP 3 0 2011**
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: George J. Spathis, Esq.
Marshall J. Burt, Esq.

s20

**FILED**
**U.S. COURT OF APPEALS FOR**
**THE FEDERAL CIRCUIT**

**SEP 3 0 2011**

**JAN HORBALY**
**CLERK**